## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MARYLAND

In re:                                          *

AUSTIN J DANIEL                          *          Case No. 17-11842-NVA

                                                       *

                    Debtors                   *                    Chapter 13

\*           \*           \*           \*           \*           \*           \*

## SECOND MOTION TO DISMISS CASE FOR
## MATERIAL DEFAULT IN PLAN PAYMENTS

Now comes Robert S. Thomas, II, Chapter 13 Trustee, and pursuant to 11 U.S.C.

Sections, 109(g), 521, and 1307 (the "Bankruptcy Code") and under Rules 1017 & 9014

of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") hereby files this

Motion to Dismiss Case and for cause, states as follows:

### I.        MEMORANDUM IN SUPPORT

1.        Robert S. Thomas, II, is the duly appointed standing Chapter 13 Trustee.

2.        The Court has jurisdiction over this matter pursuant to 28 U.S.C. Sections 157

and 1334.  Venue is proper pursuant to 28 U.S.C. Sections 1408 and 1409.  This is a core

proceeding pursuant to 28 U.S.C. 157(b) (2).

3.        The plan in this Chapter 13 case was confirmed by Order entered June 16,

2017.

4.    Upon information and belief, as of the date of this motion, the Debtor is in material default under the terms of **Section 1.0** by defaulting on current plan payments in the amount of $1,050.00, approximately seven (7.00) months.

5.

## II.    <u>DISMISSAL (11 U.S.C. § 1307 (c)</u>

1.    Involuntary dismissal of a Chapter 13 case is governed by 11 U.S.C. § 1307(c), which provides that, on the motion of a trustee or another party, "and after notice and a hearing," a case may be converted to a case under Chapter 7 or dismissed "for cause," depending on what is in the best interests of creditors and the estate, based on a variety of reasons, including the following,  11 U.S.C. § 1307(c)(1)-(11):

a)  unreasonable delay by the debtor that is prejudicial to creditors;
b)  nonpayment of any fees and charges required under chapter 123 of title 28;
c)  failure to file a plan timely under section 1321 of this title;
d)  failure to commence making timely payments under section 1326 of this title;
e)  denial of confirmation of a plan under section 1325 of this title and denial of a request made for additional time for filing another plan or a modification of a plan;
f)  material default by the debtor with respect to a term of a confirmed plan;
g)  revocation of the order of confirmation under section 1330 of this title, and denial of confirmation of a modified plan under section 1329 of this title;
h)  termination of a confirmed plan by reason of the occurrence of a condition specified in the plan other than completion of payments under the plan;
i)  only on request of the United States trustee, failure of the debtor to file, within fifteen days, or such additional time as the court may allow, after the filing of the petition commencing such case, the information required by paragraph (1) of section 521(a);
j)  only on request of the United States trustee, failure to timely file the information required by paragraph (2) of section 521(a); or
k)  failure of the debtor to pay any domestic support obligation that first becomes payable after the date of the filing of the petition.

"The grounds enumerated in subsections 1307(c)(1) through (11) are not exhaustive." 8- 1307 Collier on Bankruptcy 1307.04. Reasons constituting cause for dismissal also include "judicially construed ones such as bad faith[.]" *Kestell v. Kestell*

(*In re Kestell*), 99 F.3d 146, 148 (4th Cir. 1996). A "bankruptcy court is accorded considerable discretion in evaluating whether, cause "exists and whether dismissal is the appropriate remedy." *In re Orawsky*, 387 B.R. 128, 137 (Bankr. E.D. Pa. 2008). *See, e.g., In re Demeza*, No. 1:16-BK-02789-MDF, 2017 WL 696677, at *3 (Bankr. M.D. Pa. Feb. 21, 2017) (same); *In re Kane,* No. 94-16181DWS, 1998 WL 259945, at *3 (Bankr. E.D. Pa. May 18, 1998) ("the decision of whether to dismiss a case under § 1307(c) is within the discretion of the Court"); *In re Cottle,* 189 B.R. 591 (Bankr. E.D. Pa. 1995); *In re Samuel*, 77 B.R. 520 (Bankr. E.D. Pa. 1987); 8-1307 *Collier*, 1307.04[4] ("As under the other subsections of section 1307(c) [i.e., sections other than §1307(c)(4)], the court's power to dismiss or convert is discretionary.").

2. For the reasons stated, cause exists under 11 U.S.C. §1307(c) to dismiss this case.

WHEREFORE, the Trustee requests this Court to dismiss this case, and to grant such other relief as is just.

Date:    <u>December 17, 2019</u>    <u>/s/  Robert S. Thomas, II</u>
Robert S. Thomas, II, Trustee
300 E. Joppa Road, Suite #409
Towson, MD 21286
(410) 825-5923
inquiries@ch13balt.com

**TO THE DEBTORS: TAKE NOTICE THAT, UNLESS YOU FILE A RESPONSE IN WRITING WHICH JUSTIFIES OR EXPLAINS THE ALLEGATIONS IN THIS MOTION WITHIN 21 DAYS OF THE DATE IN THE CERTIFICATE OF SERVICE BELOW, THIS CASE MAY BE DISMISSED WITHOUT FURTHER NOTICE. THE RESPONSE MUST BE FILED WITH THE BANKRUPTCY COURT, WITH A COPY SERVED ON THE TRUSTEE.**

## CERTIFICATE OF SERVICE

I hereby certify that on December 17, 2019, I reviewed the Court's CM/ECF system and it reports that an electronic copy of the Motion to Dismiss Case will be served electronically by the Court's CM/ECF system on the following:

Michael J. Klima
bankruptcy@peroutkalaw.com

Daniel M. Press
dpress@chung-press.com,
pressdm@gmail.com

I hereby certify that on December 17, 2019, a copy of the Motion to Dismiss Case was also mailed first class mail, postage prepaid to:

AUSTIN J DANIEL
30 SANSTONE CT. APT L
ANNAPOLIS, MD 21403

 /s/  *Robert S. Thomas, II*

Robert S. Thomas, II, Trustee